UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-1040-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting the mental opinion evidence and Plaintiff's allegation of neck pain.[1] (Dkt. # 8.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

---

[1] Plaintiff's opening brief fails to conform to the requirements set out in the Court's scheduling order (dkt. # 7 at 2), which requires that Plaintiff list specific assignments of error beginning on the first page, and prohibits the type of general statement that Plaintiff provided. (*See* dkt. # 8 at 2 (listing as the sole assignment of error whether the ALJ's decision is supported by substantial evidence.)) In the future, counsel shall take care to comply with the Court's briefing requirements.

ORDER - 1

## II.    BACKGROUND

Plaintiff was born in 1961, has a master's degree, and has worked as a vocational rehabilitation counselor. AR at 232. Plaintiff was last gainfully employed in October 2018. *Id.* at 230.

In May 2019, Plaintiff applied for benefits, alleging disability as of October 26, 2018. AR at 209-10. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 83-87, 89-94. After the ALJ conducted a hearing in May 2021, the ALJ issued a decision finding Plaintiff not disabled because he could perform representative occupations that exist in significant numbers in the national economy.[2] *Id.* at 13-28.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

---

[2] Although Plaintiff asserts that the ALJ found him capable of performing his past relevant work (dkt. # 8 at 2), the ALJ actually found otherwise. *See* AR at 26.

ORDER - 2

1  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th
2  Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical
3  testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d
4  1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may
5  neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*
6  *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one
7  rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.  DISCUSSION

### A.  The ALJ Did Not Err in Assessing the Medical Opinion Evidence

Plaintiff argues that the ALJ erred in finding persuasive the opinions of the State agency psychological consultants when providers who treated or examined Plaintiff found him to be more restricted. (Dkt. # 8 at 3-5.) To the extent that this argument is intended to suggest that the opinions of treating or examining providers are inherently more probative than the opinions of non-examining providers, this argument is foreclosed by the Ninth Circuit's interpretation of the 2017 regulations applicable to this case. *See Woods v. Kijakazi*, 32 F.4th 785, 790-92 (9th Cir. 2022).

To the extent that Plaintiff intends to challenge the ALJ's assessment of the treating and examining provider opinions, the Court turns to consider the ALJ's evaluation of the persuasiveness of treating physician Eduardo Duquez, M.D.; examining psychologist David Widlan, Ph.D.; and examining psychologist Katia Ramirez, Psy.D.

#### 1.  Legal Standards

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are

supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods*, 32 F.4th at 792.

        2.    Dr. Duquez

Dr. Duquez opined in November 2018 that Plaintiff was limited to working 20 hours per week due to cognitive decline and he referred Plaintiff to neurology for "further workup and evaluation[,]" but he also opined that Plaintiff had no physical limitations that would prevent him from performing his past job as a rehabilitation counselor. AR at 384. The ALJ found that Dr. Duquez did not fully explain why Plaintiff's cognitive decline would limit his work schedule rather than the complexity of the tasks he could complete, and thus the opinion was not well-supported. *Id*. at 24. The ALJ also found that Dr. Duquez's opinion was inconsistent with the many unremarkable physical, neurological, and psychological examinations that do not indicate that Plaintiff was limited to working 20 hours per week. *Id*.

Plaintiff contends that Dr. Duquez's opinion is consistent with Dr. Ramirez's 2020 evaluation report (dkt. # 8 at 4), but that opinion does not suggest that Plaintiff could perform part-time work and, moreover, the ALJ found that opinion to be unpersuasive for reasons unmentioned and unchallenged by Plaintiff. *See* AR at 26. Likewise, Plaintiff has not shown or argued that the ALJ erred in finding that Dr. Duquez's opinion was not supported by a full explanation and was inconsistent with the unremarkable test results in the record. Accordingly, Plaintiff has failed to show harmful legal error in the ALJ's assessment of Dr. Duquez's opinion.

        3.    Dr. Ramirez

Dr. Ramirez examined Plaintiff in March 2020 and wrote a narrative report concluding that Plaintiff "is not capable of functioning in an intense competitive work environment." AR at

677-85. The ALJ found persuasive Dr. Ramirez's findings that Plaintiff was limited to following short and simple instructions and that his pace would be slower than average. *Id*. at 26.

The ALJ found unpersuasive Dr. Ramirez's other conclusions indicating that Plaintiff would have difficulty learning new tasks and remembering directions, that his prognosis for working is poor, and that his limitations would prevent him from being competitive in the workforce. AR at 26. The ALJ found that these conclusions were inconsistent with the normal or only mildly abnormal test results, and inconsistent with the evidence showing that Plaintiff improved with medication and therapy. *Id*. The ALJ also noted that although Dr. Ramirez commented that Plaintiff's criminal history could preclude some employment (*id*. at 685), this factor is not relevant to a disability determination for Social Security purposes. *Id*. at 26. The ALJ went on to emphasize that Dr. Ramirez did not explain what she meant by an "intense" or "competitive" work environment, which rendered unexplained her conclusion that Plaintiff could not work in such an environment. Lastly, the ALJ found Dr. Ramirez's opinion to be inconsistent with Plaintiff's "unrestricted" daily activities. *Id*.

Plaintiff does not challenge any of the ALJ's findings regarding Dr. Ramirez's opinion. Plaintiff emphasizes that Dr. Ramirez performed psychological testing and a mental status examination (dkt. # 8 at 4-5), but does not acknowledge that her testing revealed largely normal findings, as the ALJ found. *See* AR at 681-84. Because Plaintiff has failed to establish that the ALJ erred in finding Dr. Ramirez's opinion to be unexplained to some extent, as well as inconsistent with Plaintiff's test results and reports of improvement with treatment, the Court finds no harmful legal error in the ALJ's assessment of Dr. Ramirez's opinion.

    4.    Dr. Widlan

Dr. Widlan examined Plaintiff in July 2019 and wrote a narrative report describing

Plaintiff's symptoms and limitations. AR at 477-82. Dr. Widlan concluded that Plaintiff could follow simple instructions, but "may struggle to persist with adequate pace in a setting befitting of his education." *Id*. at 482. Dr. Widlan also opined that Plaintiff could negotiate "simple social stressors on a consistent and routine basis." *Id*. Dr. Widlan suspected that Plaintiff "likely has some deficits in [activities of daily living]." *Id*.

The ALJ found that Dr. Widlan's opinion was persuasive except to the extent that he suggested that Plaintiff would have restrictions in his activities of daily living, because such speculation was inconsistent with Plaintiff's self-reported activities, "which are largely unrestricted." AR at 25-26.

Plaintiff's brief does not reference Dr. Widlan's opinion, and the ALJ's assessment of this opinion undercuts Plaintiff's argument that the ALJ relied only on a "records review versus actual psychological examinations[.]" (Dkt. # 8 at 5.) As explained herein, the ALJ found persuasive most of Dr. Widlan's opinion. For all of these reasons, the Court finds no error in the ALJ's assessment of the opinions of treating and examining providers pertaining to the adjudicated period.[3]

**B.    The ALJ Did Not Err in Discounting Plaintiff's Allegations of Neck Pain**

Plaintiff reported to a provider in March 2019 that he experienced neck pain after carrying a "fairly heavy and awkward table into his home a couple weeks ago." AR at 900. At that time, Plaintiff's provider recommended physical therapy twice a week for eight weeks. *Id*. at 901.

---

[3] Plaintiff's opening brief references a 2016 evaluation (dkt. # 8 at 4), which predates the adjudicated period by more than two years and was written at a time when Plaintiff was working full-time. *See* AR at 693-713. This evaluation does not support Plaintiff's contention that psychological testing confirms his inability to work due to memory deficits, given that he was working at the time this testing was performed.

Plaintiff contends that his "complaints of neck pain are corroborated by findings on di[a]gnostic testing" (dkt. # 8 at 5), specifically an MRI showing "minimal" degenerative disc disease and "mild" spinal canal stenosis. *See* AR at 968. But, consistent with this evidence, the ALJ found at step two that Plaintiff has "cervical spine degenerative disc disease" (*id*. at 16), and went on to specifically evaluate Plaintiff's allegations of neck pain (*id*. at 23). Plaintiff has not shown that the ALJ erred in discounting his allegations of neck pain in light of Plaintiff's reported improvement with physical therapy and examinations showing no neurological deficits, full and symmetrical reflexes, and full strength. *Id*. Plaintiff's failure to address the ALJ's assessment of his neck pain is fatal to his assignment of error.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 15th day of December, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge